Helen Frazer, Bar No. 92627
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663
Telephone: (949) 500-6108

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br>MARK TECHNOLOGIES CORPORATION<br><br>Debtor(s) | CASE NO. 16-12192-WJ<br><br>CHAPTER 7<br><br>**TRUSTEES DECLARATION RE (A) FINAL REPORT; (B) APPLICATION FOR COMPENSATION; AND (C) NON-OPPOSITION TO APPLICATIONS FOR COMPENSATION**<br><br>DATE: TO BE SET<br>TIME:<br>CTRM: |

I, Helen Frazer, declare as follows:

1. I am the duly appointed and acting Chapter 7 Trustee in the above referenced bankruptcy case. All of the facts stated herein are within my personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2. The case was commenced by the filing of a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code on 03/11/2016. The case was converted to one under Chapter 7 on 5/4/16 and the undersigned Trustee was appointed on the same date.

3. The filing was precipitated by entry of a judgment against the Debtor and in favor of EDF Renewable Energy, Inc. ("EDF") in excess of $20 million. The Debtor owned approximately 650 acres of land improved with wind turbine generators ("WTGs"). Prior to 2013, the Debtor entered into agreements with EDF and/or its affiliated entities to lease the property and operate the WTGs to generate energy which was then sold to Southern California Energy ("SCE"). Sale proceeds were deposited into a trust account (the "Trust"). Debtor relinquished its rights to payments from the Trust in exchange for an upfront payment from EDF of $8 million at the time of lease renewal, however, it

retained a 5% beneficial interest in the Trust. In or about 2013, Debtor sought to terminate its lease agreement with EDF resulting in litigation between the parties pertaining to whether the lease was properly terminated and whether the Debtor was required to pay an early termination fee to EDF. Ultimately EDF obtained its judgment against the Debtor.

4. Upon my appointment, I obtained an order for operation of the property pending sale (Dkt. No. 100) and commenced efforts to liquidate the Debtor's assets. Every action I took was vigorously opposed by Debtor and its affiliates. Ultimately, I was able to sell Debtor's property (Order approving sale Dkt. No. 327) and enter into a settlement with EDF and other secured creditors pertaining to their interests in the Debtor's real property and EDF's interest in the Trust (Order approving compromise Dkt. No. 311). These orders were appealed along with the Court's orders denying Debtor's motions to compel the Trustee to abandon the real property and various litigation claims. The appeals went on for several years as counsel for Debtor and its affiliates repeatedly withdrew from representation due to misstatements of facts advanced by Debtor's principal. The appeals were finally dismissed by Court Order entered August 26, 2020 (Dkt. No. 606).

5. The Trustee does not have any opposition to the Final Fee Application filed by the following professionals:

(a) Sulmeyer Kupetz, APC, the estate's general counsel. The Application for Compensation is no. 609 in the Court's docket.

(b) Baker Tilly fka Squar Miler LLP, the estate's accountants. The Application for Compensation is no. 611 in the Court's docket.

6. Debtor's Chapter 11 Counsel, Todd Turoci, received a retainer from debtor in the amount of $25,000 less filing fee of $1,717. Total remaining retainer is $23,283 pursuant to his Application for Compensation (Dkt. No. 109). The Order Approving his fees of $54,662.50 & costs of $1,337 was entered on October 25, 2017 (Dkt. No. 467). Therefore, the total fees claimed (54,662.50) less retainer ($23,283) is $31,379.50. The total cost is $3,054.47 less $1,717 filing fee paid is $1,337.47. Thus, Turoci will be paid $31,379.50 for his fees and $1,337.47 for his costs.

7. The Trustee allocated $250,000 distribution to allowed unsecured creditors per stipulation and order entered 2/23/17 (Dkt No. 311). Administrative fees to the Office of the U.S. Trustee and Clerk of the Court (Cost

will be paid in full.  The remaining balance will be distributed pro-rata to all Chapter 7 professionals fees.  All expenses claimed by professionals will be paid in full.

     8.     Attached hereto is the Trustee's Summary of Receipts and Disbursements and Calculation of Trustee's statutory fee.

I declare under penalty of perjury that the above is true and correct.

Dated: February 5, 2021                            /s/ Helen Frazer
                                                    Helen Frazer
                                                    Chapter 7 Trustee

**SUMMARY OF RECEIPTS AND DISBURSEMENTS**

1. **RECEIPTS:**

| | | |
|---|---|---|
| Sale of Real Property | $ | 3,180,000.00 |
| Collection of Accounts Receivable | $ | 523,992.80 |
| Sanctions Received | $ | 28,826.48 |
| Other Receipts (Sale of Real Property) | $ | 152.98 |
| **TOTAL RECEIPTS:** | A. $ | 3,732,972.26 |

2. **DISBURSEMENTS:**

| | | |
|---|---|---|
| Bank Fees | $ | 31,940.97 |
| Bond Premium | $ | 1,659.58 |
| Secured Creditors (Sale of Property) | $ | 2,387,661.21 |
| State Sales & Use Taxes (Sale of Property) | $ | 48,342.75 |
| Auctioneer Fees (Ch. 7) | $ | 180,000.00 |
| Cost of Sale of Property | $ | 4,302.00 |
| Franchise Tax Board (Post Petition) | $ | 3,200.00 |
| **TOTAL DISBURSEMENTS:** | B. $ | 2,6557,106.51 |
| **CASH BALANCE ON HAND:** | C. $ | 1,075,865.75 |

3. **PROJECTED DISBURSEMENTS:**

| | | | |
|---|---|---|---|
| Helen Frazer Trustee | Fees* | $ | 130,417.99 |
| | Expenses | $ | 402.81 |
| SULMEYER KUPETZ Attorney for Trustee | Fees* | $ | 542,340.72 |
| | Expenses | $ | 19,410.03 |
| BAKER TILLY FKA SQUAR MILNER LLP Accountant for Trustee | Fees* | $ | 95,169.36 |
| | Expenses | $ | 556.91 |
| TODD TUROCI Attorney for D-I-P | Fees | $ | 31,379.50 |
| | Expenses | $ | 1,337.47 |
| FRANCHISE TAX BOARD Other State or Local Taxes (post-petition) – Claim No. 15 | | $ | 836.62 |

| | | |
|---|---|---|
| FRANCHISE TAX BOARD – Priority Claim No. 2 | $ | 3,339.34 |
| UNITED STATES TRUSTEE FEES: | $ | 325.00 |
| MISCELLANEOUS COURT COSTS: | $ | 350.00 |
| **FUNDS AVAILABLE FOR CREDITORS:** | $ | 250,000.00 |
| PAYMENT TO DEBTOR (SURPLUS): | $ | 0.00 |

**TOTAL PROJECTED DISBURSEMENTS:**     D. $   1,075,865.75

(D must equal amount of C)

**TOTAL OF ALL DISBURSEMENTS:**     E. $   3,732,972.26

(B plus D must equal A)

---

**\*Chapter 7 Administrative/Professionals Fees were reduced and will receive pro-rata distribution**

Printed:   02/05/2021 12.51 AM

## Trustee's Compensation

**Debtor:** MARK TECHNOLOGIES CORPORATION       **Case:** 6:16-bk-12192-WJ

### Computation of Compensation

Total disbursements to other than the debtor are:  3,732,972.26

Pursuant to 11 U.S.C. 326, compensation is computed as follows:

| | | | |
|---|---:|---|---:|
| 25% of First $5,000 | 5,000.00 | = | 1,250.00 |
| 10% of Next $45,000 | 45,000.00 | = | 4,500.00 |
| 5% of Next $950,000 | 950,000.00 | = | 47,500.00 |
| 3% of Balance | 2,732,972.26 | = | 81,989.17 |

| | |
|---:|---:|
| **Calculated Total Compensation:** | **$135,239.17** |
| Plus Adjustment: | 0.00 |
| **Total Compensation:** | **$135,239.17** |
| Less Previously Paid: | 0.00 |
| **Total Compensation Requested:** | **$135,239.17** |

### Trustee Expenses

| | | |
|---|---|---:|
| POSTAGE | | $17.78 |
| POSTAGE | | $73.97 |
| POSTAGE | | $92.74 |
| OTHER | court call fee | $25.00 |
| POSTAGE | | $28.22 |
| POSTAGE | | $43.80 |
| POSTAGE | | $45.05 |
| POSTAGE | | $32.95 |
| POSTAGE | | $17.80 |
| POSTAGE | | $25.50 |

| | |
|---:|---:|
| **Subtotal Expenses:** | **$402.81** |
| Plus Adjustment: | 0.00 |
| **Total Expenses:** | **$402.81** |
| Less Previously Paid: | 0.00 |
| **Total Expenses Requested:** | **$402.81** |

   The undersigned Trustee certifies under penalty of perjury that the foregoing is true and correct to the best of his/her knowledge and requests the United States Trustee to approve this report and accounts and requests the Court to provide for notice and opportunity for a hearing under 11 U.S.C. 330(a), 502(b), and 503(b) and to thereafter award final compensation or reimbursement of expenses and to make final allowance for the purposes of distribution to claims, administrative expenses, and other payments stated in this report and account.

   WHEREFORE, the Trustee requests that this application be approved by this Court and that the Trustee be granted an allowance of $135239.17 as compensation and $402.81 for reimbursement of expenses. The Trustee further states that no payments have been made or promised to him/her for services rendered or to be rendered in any capacity in this case. No agreement or understanding exists between applicant and any other person for sharing compensation received or to be received.

Printed: 02/05/2021 12.51 AM  **Trustee's Compensation**

**Debtor:** MARK TECHNOLOGIES CORPORATION       **Case:** 6:16-bk-12192-WJ

Dated:   02/05/2021

Signed: /s/ Helen Frazer

Helen Frazer, TRUSTEE
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663