1   Mark G. Jones
    9674 Colerain Avenue, Suite 314
2   Cincinnati, OH 45251
    Telephone: (513) 723-1877
3   E-Mail:   mark@tenderland.com

4   Interested Party, In Pro Per

5

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

10  In re                              )   Case No.: 6:16-bk-12192-WJ
                                       )
11                                     )   Chapter 7
                                       )
12  Mark Technologies Corporation,     )
                                       )
13                                     )   **INTERESTED PARTY MARK G. JONES'**
                                       )   **MOTION FOR RECONSIDERATION UNDER**
14                  Debtor.            )   **FRBP RULE 9024 OF ORDER ON FINAL FEE**
                                       )   **APPLICATIONS (DOCKET 623) AND RELATED**
15                                     )   **CHAPTER 7 TRUSTEE'S FINAL REPORT**
                                       )   **DATED APRIL 1, 2021;**
16                                     )
                                       )   **DECLARATION OF MARK G. JONES IN**
17                                     )   **SUPPORT THEREOF**
                                       )
18                                     )   **[Relates to Docket Nos. 613, 616, 617 and 623]**
                                       )
19                                     )
                                       )   **Hearing:**
20                                     )
                                       )    **Date:    June 29, 2021**
21                                     )    **Time:    1:00 pm**
                                       )    **Ctrm:    304**
22                                     )            **US Bankruptcy Court**
                                       )            **3420 Twelfth Street**
23  _____        )            **Riverside, CA 92501**

24

25       **TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY**

26  **JUDGE; THE DEBTOR; THE CHAPTER 7 TRUSTEE AND HER COUNSEL OF RECORD;**

27  ──────────────────────────── - 1 - ────────────────────────────

28  **INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF**
    **ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

**THE OFFICE OF THE UNITED STATES TRUSTEE-RIVERSIDE DIVISION; AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE,** that at the above-captioned date and time and department, or as soon after as the matter can be heard, interested party Mark G. Jones (**"Jones"**) will and does move this Court pursuant to *Federal Rules of Bankruptcy Procedure* (**"FRBP"**) Rule 9024 for reconsideration of this Court's "*Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals [LBR 2016-1(c)(4)]"* dated and entered on May 6, 2021 (Docket No. 623, the **"Order"**) with respect to the Trustee's Final Report and Notice of Trustee's Final Report dated April 1, 2021 (Docket Nos. 616 and 617). The Order should be modified, amended or revoked on the ground that different or supplementary facts and circumstances should have been considered by the Chapter 7 Trustee and this Court as more fully set forth in this "*Motion for Reconsideration Under FRBP Rule 9024 of Order on Final Fee Applications (Docket 623) and Related Chapter 7 Trustee's Final Report Dated April 1, 2021"* (the **"Motion"**). Such facts and circumstances were apparently not known or understood by the Chapter 7 Trustee prior to the filing of the Trustee's Final Report, as related to the proposed payment to unsecured creditor Utah Resources International, Inc. (**"URI"**) which does not have a valid claim against the Debtor's bankruptcy estate and is therefore not entitled to a very substantial distribution as set forth in the Trustee's Final Report.

Jones respectfully requests that this Court, after reconsideration of its Order, revoke the Order and issue a new order correcting the clear error in the Trustee's Final Report concerning unsecured creditor URI, or direct the Chapter 7 Trustee to file formal objections to the URI unsecured claim.

INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF
ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities served and filed herewith, the Declaration of Mark G. Jones dated May 20, 2021 and attached hereto (the **"Jones Decl."**) being filed concurrently herewith, on all of the papers, pleadings and records on file herein, and on such oral and documentary evidence as may be presented at the hearing on this Motion.

Pursuant to the Local Bankruptcy Rule 9013-1(f)(1), any opposition to this Motion must be filed with this Court and served on the moving party and the United States Trustee not later than 14 days prior to the hearing on the Motion.

**DATED: MAY 20, 2021**                      **Respectfully submitted,**


By: _____
        **Mark G. Jones**
        **Interested Party, In Pro Per**

- 3 -

**INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY STATEMENT OF THE MATTER AND APPLICABLE LAW

As set forth on the docket for this case, Helen R. Frazer, Chapter 7 Trustee (the **"Trustee"**) filed that certain "*Trustee's Final Report*" dated April 1, 2021 (the **"TFR"; Docket No. 616**), and related "*Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object*", dated April 1, 2021 (the **"NFR"; Docket No. 617**), and "*Trustees Declaration RE (A) Final Report; (B) Application for Compensation; and (C) Non-Opposition to Applications for Compensation*", dated February 5, 2021 (the **"Trustee's Declaration"; Docket No. 613**). The TFR and the NFR make reference to proposed payments to attorneys and accountants for the Trustee which are associated with the related "*First and Final Fee Application of SulmeyerKupetz, a Professional Corporation, Attorneys for Chapter 7 Trustee*", dated December 28, 2020 (the **"Attorneys' Fee Application"; Docket No. 609**), and "*First and Final Application of Baker Tilly US, LLP fka Squar Milner LLP for Allowance of Compensation and Reimbursement of Expenses as Accountants and Consultants to the Estate*", dated January 11, 2021 (the **"Accountants' Fee Application"; Docket No. 611**).

In response to the above filings, on April 20, 2021, Jones served that certain "*Interested Party Mark G. Jones': 1) Request For Continuance Of Hearing To Allow For Resolution By US Trustee of Pending Debtor's Complaint, and Potential Filing of Follow-Up Legal Proceedings; and 2) Objections To Chapter 7 Trustee's Final Report Dated April 1, 2021 and Related Declarations and Applications For Compensation*", dated April 20, 2021 (the **"Objection"; Docket No. 620**). The Objection was entered onto the

- 4 -

docket of this bankruptcy case on April 21, 2021. On April 26, 2021, the Trustee filed that certain *"Response of Chapter 7 Trustee to Mark Jones' Request for Continuance and Objections to Trustee's Final Report and Applications for Compensation"*, dated April 26, 2021 (the **"Response"; Docket No. 621**). Pursuant to the NFR, a hearing was held in this Court on May 4, 2021, and after brief oral remarks by the participants, including Jones, this Court approved the TFR without revision and the related Attorneys' Fee Application and Accountants' Fee Application. The Order was filed and entered on May 6, 2021.

11 U.S.C. §502(j) provides in relevant part as follows: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case..."

FRBP Rule 3008 provides that "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

FRBP Rule 9024 provides in relevant part as follows: "Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code *or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest* is not subject to the one year limitation prescribed in Rule 60(c)..." [*Emphasis added*]. Many courts have looked to FRBP Rule 9024, which incorporates Federal Rule of Civil Procedure 60, to determine if cause exists to reconsider a claim under FRBP Rule 3008 and 11 U.S.C. §502(j). See U.S. v. Levoy (In re Levoy),.182 B.R. 827 (9th Cir. BAP 1995); S.G. Wilson Co. Inc. v. Cleanmaster Industries Inc. (In re Cleanmaster Industries Inc.), .06 ..R. 628, 630 (9th Cir. BAP 1989); In re Colley,.814 F.2d.1008, 1010, reh.I>'.I>g denied, .18 F.2d. 443 (5th Cir.), cert. denied,.484 U.S. 898,

**INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF
ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

108 S.Ct. 234, 98 L.Ed. 2d. 193(1987); and In re W.F. Hurley Inc.,.612 F. 2d. 392, 396 n.4 (8th Cir. 1980).[1]

Pursuant to Federal Rule of Civil Procedure 60(b), relief from a judgment or order may be granted for any of the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b).

The excusable neglect standard in 60(b)(1) is generally determined by examination of the following factors:

(1) danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) whether the movant acted in good faith; (5) whether the clients should be penalized for the mistakes of their counsel and (6) whether the claimant has a meritorious claim. See Pioneer, Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, .07 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993) and In re Resources Reclamation Corp. of America, .4 B.R. 771, 773-774 (9th Cir. BAP 1983). The majority of courts will apply the standards of Bankruptcy Rule 9023 and Fed. R. Civ. P. 59 if the motion has been filed within 10 days of the order allowing or

---

[1] Excerpted from Journal of the American Bankruptcy Institute, Practice & Procedure, *"What Standards Govern Motions to Reconsider Orders Allowing or Disallowing Claims",* June 1, 1998.

**INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

disallowing a claim and will apply the standards of Bankruptcy Rule 9024 and Fed. R. Civ. P. 60 if more than 10 days have elapsed since the order. (*See* additional citations and discussion in ABI Journal article referenced in footnote 1.)

Furthermore, FRBP Rule 8002 provides in relevant part as follows: "If a party timely [files] in the bankruptcy court any of the following motions and does so within the time allowed by these rules,…(D) for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered." (See FRBP Rule 8002, subsection (b)(1)(D)).

11 U.S.C. §704(a)(5) requires a trustee to examine proofs of claim and object to the allowance of any claim that is improper, if a purpose would be served by doing so. The United States Department of Justice, *Handbook for Chapter 7 Trustees*, effective October 1, 2012 (the **"Handbook"**)[2], Chapter 4, *"Duties of a Trustee in the Administration of a Case"*, subsection F (See Jones Decl., Para 4, and Exhibit A attached thereto for an excerpt from the Handbook), provides the duties, obligations and procedures that a trustee must follow in examining proofs of claim. Specifically, subsection 4F(1) of the Handbook states as follows: "The claims review process commences after the trustee is certain that there will be a distribution to creditors and as soon as possible following the expiration of the bar date for filing claims. The trustee may not submit the final report (TFR) for a case prior to completion of the claims examination and determination process." Subsection 4F(2) of the Handbook states in relevant part as follows: "c. Unsecured claims must be reviewed for appropriate documentation, accuracy and timeliness", and "A trustee should file objections to allowance of claims, if appropriate…".

LBR 3007-1, *"Objections to Claims",* provides the procedures and requirements for filing objections to Proofs of Claim if a claim should be disallowed.

---

[2] Available from the website of the United States Department of Justice: www.justice.gov/UST/private-trustee-handbooks.

For the reasons detailed herein and supported by competent admissible declaration testimony in the accompanying Jones Decl., Jones respectfully requests that this Court reconsider its Order and to sustain the supplemental objections of Jones with respect to the invalid unsecured claim of URI as set forth herein and as previously presented in the Objection, revoke the Order and issue a new order correcting the clear error in the Trustee's Final Report concerning unsecured creditor URI, and ordering that the TFR and related documents be revised in accordance with those objections and resubmitted for review by all interested parties and a hearing thereafter established to consider the revised Trustee's Final Report. In the event this Court elects, after reconsideration as requested herein, to approve the as-submitted TFR and related proposed distributions to various parties, which Jones submits it should not, this Court should not enter an order requiring immediate payment of distributions from the Debtor's estate and to close this bankruptcy proceeding and discharge the Trustee for the reasons set forth in the Objection, as supplemented herein, to allow the issues set forth in the Objection to be resolved and any follow-up legal proceedings commenced by the Debtor, Jones and/or any affected parties. In the alternative, this Court should direct the Trustee to file formal objections to the URI Claim No. 11 pursuant to LBR 3007-1, in order to fully examine that claim and allow interested parties to provide formal responses for this Court's review and final determination as to the amount, if any, that will be allowed under the URI unsecured claim. In any event, the Trustee should be given the opportunity to revise the TFR and related documents to account for the clear error in the TFR with respect to the payment to unsecured creditor URI with respect to its Claim No. 11.

- 8 -

II.

## ARGUMENT FOR RECONSIDERATION

**A.**    <u>STANDING, TIMING AND JURISDICTION</u>

Jones is the ultimate equity shareholder of the Debtor, Mark Technologies Corporation. (See Jones Decl., Para. 1). It is well settled that shareholders of creditors and the Debtor have standing as a "party in interest" in bankruptcy proceedings, and as such and due to their clear pecuniary interest in bankruptcy proceedings, shareholders may appear and be heard on any issue. (See The United State Department of Justice, *Civil Resource Manual*, Section 48, Paragraph I--Interested Parties: A "party in interest"… "certainly includes creditors and shareholders"… and "may raise and may appear and be heard on any issue" (various case and statutory citations omitted). Thus, Jones has standing to file this Motion and appear in these bankruptcy proceedings.

As set forth by the authorities set forth in Paragraph I hereinabove, this Motion has been timely filed, and has been served as set forth on the Proof of Service document attached hereto. FRBP Rule 9024 applies for reconsideration of this Court's Order, as among other grounds, Rule 9024 specifically addresses reconsideration of an order allowing or disallowing a claim against the estate entered without a contest.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the statutory bases for the relief requested are set forth hereinabove, particularly Rule 60 of the Federal Rules of Civil Procedure, which is made applicable to these proceedings through FRBP Rule 9024. This Court retains complete power and broad discretion to reconsider, and thereafter change the decision set forth in the Order as this Court may determine. Here, there exists different or supplementary facts and circumstances that should have been considered by the Chapter 7 Trustee and this Court as more fully set forth hereinbelow, and such facts and circumstances justify Jones

- 9 -

1    bringing this Motion to reconsider certain aspects of the Order, and to have the Order

2    revoked and the clear and material error in the TFR corrected.

3

4    **B.**    **The Unsecured Claim of Utah Resources International, Inc. Should Have Been Disallowed by the Trustee as Invalid.**

5    Jones in his individual capacity hereby reasserts, confirms and incorporates by

6    reference all of the objections concerning the Trustee's Declaration and the TFR as

7    set forth in the Objection.  Paragraph IIC of the Objection requested that this Court

8    deny the approval of the TFR for many reasons and order certain revisions to the

9    TFR and resubmittal to the Court for review and the opportunity for interested parties

10   to lodge new objections, if any. Paragraph IIC(i) of the Objection states as follows:

11   "i)    Exhibit C, Claim No. 11, and Exhibit D, Page 2: No explanation has ever been

12   provided by the Trustee for allowance of this claim which is completely improper and

13   must be disallowed. The Trustee clearly has not examined this claim by Utah

14   Resources International, Inc. ("URI"). Trustee's counsel asserted during an oral

15   hearing in this Court in 2016, believed to be on October 25, 2016 (the transcript could

16   not be readily located by Jones but a specific citation to the record can be determined

17   if requested by this Court) that URI was a "judgment creditor" of the Debtor which is

18   completely incorrect. The Debtor is actually a judgment creditor against URI and

19   received payment from URI on its judgment, but ongoing legal proceedings were

20   being requested by a court in Utah to determine if any adjustments to Debtor's

21   judgment for tax attributes were warranted. URI attempted to have the judgment that

22   was paid to the Debtor returned to URI pending a hearing on the tax matters, but the

23   Utah court denied such request and therefore there is no amount due to URI at this

24   time and additional funds likely would have been paid to the Debtor from URI for the

25   balance owed on its judgment had the litigation proceeded. (See Jones Decl., Para.

26   9). This is a classic example of the Trustee and her counsel pursuing affiliates of the

27                                             - 10 -

28   **INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

Debtor and trying to reduce or eliminate their unsecured claims, including threatening

legal counsel for such claimants with sanctions for pursuing their claims and filing

frivolous adversary proceedings, but failing to even provide a cursory examination of

the substantial unsecured claim of URI, and now attempting through the TFR to

permit a large payment from Debtor's estate to URI in the amount of $220,550 when

such funds should be made available to valid claims of unsecured creditors, a class

of stakeholders in this bankruptcy case that should be the focus of the Trustee's

attention, rather than her own substantial requested fees and professional expenses."

The Trustee, as part of her Response, did not mention or rebut any portion of

the assertions set forth above concerning the URI unsecured claim, and the URI

claim was not addressed at all during the hearing concerning approval of the TFR

held on May 4, 2021. (See Jones Decl., Para. 5). Therefore, this Court should

reconsider the objections and factual assertions set forth by Jones in the Objection

with respect to the URI unsecured claim, in light of the supplemental facts and

evidence presented herein, in order for the TFR to be accurate and factual. Pursuant

to subsection 4F(1) of the Handbook, the Trustee is not allowed to submit the TFR for

this case prior to completion of the claims examination and determination process,

which was clearly not done for the URI unsecured claim as set forth below.

As set forth in the Objection, Paragraph II(C)(i) set forth above, the URI

unsecured  claim had been mentioned at a 2016 hearing before this Court. Since the

time of the filing of the Objection, Jones was able to further research the matter and it

was determined that the hearing in question was held on November 29, 2016, and a

transcript of that hearing was entered onto the Docket on January 9, 2017, as Docket

No. 243. No other references to the URI unsecured claim was noted by Jones during

his further research of hearing records or court filings by the Trustee during the

- 11 -

course of this bankruptcy case. Certain pages of the hearing transcript, Docket No.

243, have been have included as <u>Exhibit B</u> to the Jones Decl. (See Jones Decl.,

Para. 6, and <u>Exhibit B</u> attached thereto). On Page 25 of the transcript for the

November 29, 2016 hearing, Ms. Elissa D. Miller, counsel for the Trustee, states as

follows on Lines 11-16: "No other creditor has appeared to be heard, other than Utah

Resources, who has appeared at 341 (a)'s to see what's going on. *They're owed over*

*$1 million, and they have not – they're an unsecured creditor, a third-party judgment*

*creditor who is owed over $1 million.* They haven't opposed this settlement."

(*Emphasis added*). (See Jones Decl., <u>Exhibit B</u> attached thereto).

　　　　As part of the further research by Jones concerning the unsecured URI claim, he

was able to locate a copy of a Ruling & Order issued by the Third Judicial District of

the Utah State Court dated October 1, 2015 and entered on October 5, 2015 with

respect to litigation between the Debtor and URI. (See Jones Decl., Para. 7, and

<u>Exhibit C</u> attached thereto). The Ruling & Order from that court pertains to certain

motions of the parties to that litigation, and Paragraph A on Page 2 of that document

states as follows:

　　"URI argues for restitution of the $1,527,406.90 it *paid in accordance with the*

*Court's May 7, 2012 Judgment* (the "Judgment"). URI does so based on its view that

the Utah Supreme Court's December 8, 2014 voided the Judgment. While URI is

correct that the Supreme Court opinion does indeed vacate the Judgment, URI's

argument presupposes that this Court will simply adopt URI's valuation model. This is

not the case-the Supreme Court held that this Court "erred in its fair value

determination," but stopped short of determining the correct valuation model. [Citation

omitted]. Accordingly, while the Court must address the valuation issue in accordance

with the Supreme Court's opinion, it is free to reach a conclusion distinct from the

valuation model set forth by URI. *Therefore, as issues remain regarding the fair*

**INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF
ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

*valuation determination, URI is not entitled to restitution of the $1,527,406.90 paid in*

*accordance with the vacated Judgment at this time.* The Court therefore reserves

decision with regard to the issue of restitution until the Court determines the fair value

of MTC's stock." (*Emphasis added*).

Exhibit C of the TFR, on Page 16 of Docket No. 616, sets forth a two-word

analysis provided by the Trustee regarding Claim No. 11 filed by URI, stating "OK-

unsecured".

It is clear from this additional evidence summarized above that the Trustee did

not fulfill her obligations as set forth in the Handbook, subsection 4F, and the

evidence seems to suggest that the Trustee did not examine URI's unsecured claim

at all, despite the amount of the claim being in excess of $1.7 million. The Trustee's

counsel, Ms. Miller, erroneously testified at the November 29, 2016 hearing that URI

was a "third-party judgment creditor who is owed over $1 million". As the Ruling &

Order from the Utah State Court clearly specifies, URI is not a judgment creditor, but,

in fact, it is the Debtor that obtained a judgment against URI, and that URI is not

owed any money at this time pending further proceedings and that Utah court

determining the fair value of URI stock that was owned by the Debtor. Therefore, it is

not in dispute that URI's unsecured claim is invalid and that no amount is presently

due by the Debtor to URI, via URI's unsecured claim (Claim No. 11) in this

bankruptcy case or otherwise.

**C.**     **Needed Revision to Trustee's Final Report (TFR); Docket No. 616**

Upon this Court finding upon reconsideration of its Order that the URI

unsecured claim, Claim No. 11, is invalid, Jones hereby asserts that this Court should

revoke the Order, deny the approval of the TFR and order certain revisions to the

TFR and resubmittal to the Court for review and the opportunity for interested parties

- 13 -

to lodge new objections, if any. The revisions to the TFR should address all of the valid objections of Jones as set forth in the Objection, but as a bare minimum, the URI unsecured claim must be disallowed as invalid and the distributions to unsecured creditors modified to reflect the disallowance of the URI unsecured claim. Such a revision to the TFR is not inmaterial, as the TFR and the NFR indicate that a total of $250,000 has been earmarked for payment to general unsecured claims, and if the payment to URI in the amount of $220,549.54 is allowed to be distributed, it will unfairly disadvantage the three remaining general unsecured creditors, namely the California Franchise Tax Board (Claim No. 2U), McKay Burton and Thurman PC (Claim No. 3) and Thompson, Welch, Soroko & Gilbert, LLP (Claim No. 4) (See the TFR and the NFR), as sufficient funds have been earmarked for general unsecured creditors that would allow these three remaining and apparently valid unsecured claims to be paid in full, to the obvious benefit of the Debtor's bankruptcy estate and potentially allow for distributions to the Debtor's equity interests, particularly if other requested and proper revisions to the TFR are eventually implemented.

For context, the payment to URI in the amount of $220,550 represents approximately _7% of the gross proceeds_ from the sale of the Debtor's real property during this bankruptcy administration ($3,180,153; See TFR, Page 3), and it would be completely unfair and inequitable to all other stakeholders to pay out such a large percentage of the Debtor's bankruptcy estate to a purported unsecured creditor that did not have a valid claim against the Debtor's estate, a claim for which the Trustee provided little or no examination pursuant to her clear duties to do so as set forth in the Handbook. The approval of the TFR as currently presented to this Court, under the circumstances of a manifestly erroneous material provision for the payment of the

URI unsecured claim, would constitute a gross error in the administration of the Debtor's bankruptcy estate.

This Court should revoke the Order, order a revision to the TFR and NFR to disallow URI's invalid unsecured claim (Claim No. 11), and to reallocate/recompute the distributions to the remaining valid unsecured creditors. In the alternative, this Court should direct the Trustee to file formal objections to the URI Claim No. 11 pursuant to LBR 3007-1 in order to fully examine that claim and allow interested parties to provide formal responses for this Court's review and final determination as to the amount, if any, that will be allowed under the URI unsecured claim.

## III.

## CONCLUSION

For the reasons set forth in the Objection and as supplemented herein, and supported by the competent admissible evidence as described in the Objection as supplemented and attached hereto, Jones respectfully requests that this Court reconsider its Order and to sustain the supplemental objections of Jones with respect to the invalid unsecured claim of URI as set forth hereinabove, revoke its Order and order that the TFR and related documents be revised in accordance with those objections and resubmitted for review by all interested parties and a hearing thereafter established to consider the revised Trustee's Final Report. In the event this Court elects, after reconsideration as requested herein, to approve the TFR and related proposed distributions to various parties, which Jones submits it should not, this Court should not enter an order requiring immediate payment of distributions from the Debtor's estate and to close this bankruptcy proceeding and discharge the Trustee for the reasons set forth in the Objection, as supplemented herein, to allow the issues set forth in the Objection

- 15 -

1     and this Motion to be resolved and any follow-up legal proceedings commenced by the

2     Debtor, Jones and/or any affected parties.

3

4

5     **DATED: May 20, 2021**                    Respectfully submitted,

6

7                                         By: _____

8                                            **Mark G. Jones**
                                            **Interested Party, In Pro Per**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          - 16 -

28

**INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF
ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

1

### DECLARATION OF MARK G. JONES

2

3        I, Mark G. Jones, hereby declare as follows:

4

5    1.    I am the President and sole shareholder of TenderLand Power Company, Inc., the

6          Managing Member of TenderLand Renewables, LLC, and the sole shareholder and

7          parent company of the Debtor, Mark Technologies Corporation, in the subject

8          bankruptcy proceeding.

9    2.    I make this declaration in support of the attached *"Interested Party Mark G. Jones'*

10         *Motion for Reconsideration Under FRBP Rule 9024 of Order on Final Fee*

11         *Applications (Docket 623) and Related Chapter 7 Trustee's Final Report Dated April*

12         *1, 202*1*"* (the **"Motion"**).  Capitalized terms used and not otherwise defined herein

13         shall the meanings as set forth in the Motion and related Objection dated April 20,

14         2021.

15   3.    Except as otherwise indicated, all statements made herein are based on my

16         personal knowledge and my review of relevant documents, and if called upon to

17         testify to such statements, I could and would testify competently thereto under oath

18         as to the truth of the statements set forth herein.

19   4.    I downloaded a copy of The United States Department of Justice, *Handbook for*

20         *Chapter 7 Trustees*, effective October 1, 2012, from the DOJ website at:

21         www.justice.gov/UST/private-trustee-handbooks.  True and correct copies of

22         selected pages from that Handbook, Chapter 4, *"Duties of a Trustee in the*

23         *Administration of a Case"*, subsection F, are attached hereto as <u>Exhibit A</u> for ready

24         reference.

25   5.    The Trustee, as part of her Response, did not mention or rebut any portion of the

26         assertions set forth in the Objection concerning the URI unsecured claim, and the

27                                          - 17 -

28

specific matter of the URI unsecured claim was not addressed at all, to the best of my recollection, during the hearing concerning approval of the TFR held on May 4, 2021.

6.     Since the time of the filing of the Objection, I was able to further research testimony at prior hearings before this Court and I located a transcript for a hearing that was held on November 29, 2016, and I determined that the transcript of that hearing was entered onto the Docket on January 9, 2017, as Docket No. 243. I found no other references to the URI unsecured claim during my further research of hearing records or court filings by the Trustee during the course of this bankruptcy case. True and correct copies of certain pages of the hearing transcript, Docket No. 243, are attached hereto as Exhibit B for ready reference.

7.     As part of my further research concerning the unsecured URI claim, I was able to locate a copy of a Ruling & Order issued by the Third Judicial District of the Utah State Court dated October 1, 2015 and entered on October 5, 2015 with respect to litigation between the Debtor and URI. That document was received from the Debtor's legal counsel, Mr. Bruce Boehm, via e-mail to me on October 5, 2015. A true and correct copy of that Ruling & Order, as received from Mr. Boehm, is attached hereto as Exhibit C.

I declare under the penalty of perjury under the laws of the United States of America that all my statements herein are true and correct.

Executed this 20th day of May, 2021, at Cincinnati, Ohio.

_____
Mark G. Jones

**Exhibits A, B and C follow**

- 18 -

**INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT A</u>

**INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF
ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

**U.S. DEPARTMENT OF JUSTICE**
EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES

# HANDBOOK FOR CHAPTER 7 TRUSTEES

Effective October 1, 2012



## D. EXAMINE THE DEBTOR'S STATEMENT OF INTENTION, 11 U.S.C. § 704(a)(3)

Section 521(a)(2) requires an individual debtor to file a statement within 30 days of the bankruptcy petition or on or before the date of the meeting of creditors, whichever is sooner, disclosing the debtor's intention with respect to the retention or surrender of property of the estate that secures any debts. The debtor must perform such intention within 30 days of the meeting of creditors, unless the court extends the deadline for cause. The trustee must ensure the performance of such intentions by examining the statement of intention early in the case and seeking the debtor's verification at the meeting of creditors that the intentions have been, or will be, performed. 28 U.S.C. § 586.

If the debtor fails to file a proper statement or to timely perform the intention, sections 362(h) and 521(a)(6) provide that the automatic stay is terminated with respect to any such personal property and the personal property will no longer be property of the estate. 11 U.S.C. § 521(a)(2). Individual debtors are given 45 days from the date first set for the meeting of creditors to reaffirm debt secured by a purchase money security interest in property of the estate or redeem such property, and 30 days in the case of non-purchase money security interests in property.

If the property has value for the estate, the trustee must ensure that the debtors timely perform their intentions or the trustee should timely file a motion seeking the court's determination that the property is of consequential value or benefit to the estate to avoid the property being abandoned. 11 U.S.C. §§ 704(a)(1) and 704(a)(3).

## E. INVESTIGATE THE FINANCIAL AFFAIRS OF THE DEBTOR, 11 U.S.C. § 704(a)(4)

The trustee must investigate the debtor's financial affairs by reviewing the debtor's schedules of assets and liabilities, statement of financial affairs, and schedules of current income and expenditures which the debtor must file pursuant to section 521 and Fed. R. Bankr. P. 1007 and by examining the debtor at the meeting of creditors. The trustee must also conduct such other investigation as necessary, such as following up on credible tips about unscheduled assets.

## F. EXAMINE PROOFS OF CLAIM, 11 U.S.C. § 704(a)(5)

Section 704(a)(5) requires a trustee to examine proofs of claim and object to the allowance of any claim that is improper, if a purpose would be served by doing so. For example, if it is clear that there are only sufficient assets to pay priority creditors, then no purpose would be served by examining or objecting to general unsecured claims.

### 1) REVIEW OF CLAIMS

The claims review process commences after the trustee is certain that there will be a distribution to creditors and as soon as possible following the expiration of the bar date for filing claims. The trustee may not submit the final report (TFR) for a case prior to completion of the claims examination and determination process.

## 2) OBJECTIONS TO CLAIMS

The trustee must consider the following issues when reviewing claims:

a. If a claim is filed as secured, there must be appropriate documentation, such as a security agreement and/or UCC-1 financing statement. Fed. R. Bankr. P. 3001. The trustee must review this documentation to determine whether the secured creditor's lien is subject to avoidance pursuant to section 544. The trustee must verify that the claim was properly perfected at least 90 days prior to the filing (one year for insiders). The trustee may be able to avoid a lien perfected within 90 days (or one year) pursuant to section 547. Per Fed. R. Bankr. P. 3002(a), a secured creditor is not required to file a proof of claim. Therefore, prior to selling estate assets, the trustee ordinarily needs to perform a lien search to verify that all liens have been identified. Even if secured claims are not required to be filed, the trustee should review the security documents to ensure that a claim is secured.

b. Tax claims must be verified. In most instances, a taxing entity will file only one claim which may include liens as well as priority and general unsecured taxes. In some instances, the liens may be subordinated to other classes of claims.

c. Unsecured claims must be reviewed for appropriate documentation, accuracy and timeliness.

d. Claims set forth on the debtor's schedules D, E and F should be reviewed and compared to claims that are filed.

e. Tardily filed claims are subordinated to timely claims, or paid pro rata with timely claims in accordance with sections 726(a)(2) and (3). Tardy filing of a claim in chapter 7 is not grounds for disallowance. The trustee must not seek disallowance of a claim solely on the grounds that it is not timely filed. 11 U.S.C. § 502(b)(9).

11 U.S.C. § 704(a)(5), 28 U.S.C. § 586.

A trustee should file objections to allowance of claims, if appropriate, and may file omnibus objections if they satisfy Fed. R. Bankr. P. 3007(d) and (e). Possible reasons for objecting to a claim include:

a. Sufficient documentation was not provided;

b. The claim amount is in error;

c. The claim has been previously paid;

d. The claim is not owed;

e. The claim is a duplicate of another claim; or

f. The claim arose from obligations arising from the debtor's personally owned business.

Other grounds for objection may be found in section 502.

The trustee should perform a second review for new, tardy, amended or assigned claims prior to distribution. See, especially, section 726(a)(1) regarding tardily filed priority claims. Tardily filed claims may be paid under certain circumstances and should not be barred from payment on that basis alone.

## 3) TRUSTEE FILING PROOFS OF CLAIM

If the trustee determines that the funds to be distributed exceed the filed claims and anticipated administrative expenses, the trustee may contact creditors who have not filed claims. While section 501(c) and Fed. R. Bankr. P. 3004 give the trustee the ability to file proofs of claim on behalf of creditors, the trustee should exercise caution in doing so. In contacting creditors or filing claims, the trustee should exercise caution to treat similarly situated creditors equally.

## 4) UNPAID QUARTERLY FEES

When a chapter 11 case is converted to a case under chapter 7 there may be unpaid fees due to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6). The United States Trustee may ask the trustee to review the debtor's books and records to determine the correct amount of unpaid fees.

## 5) SUBORDINATION OF CLAIMS

The Bankruptcy Code empowers the trustee to obtain a court order subordinating certain claims to other claims for purposes of distribution.

Section 510(a) - Agreements: This section empowers the trustee to enforce subordination agreements to the extent they are enforceable under non-bankruptcy law.

Section 510(b) - Purchase or sale of stock: This section subordinates claims arising from rescission of a purchase or sale of stock, or the purchase or sale of stock, to all claims or interests that are senior or equal to the claim or interest represented by such security.

Section 510(c) - Equitable subordination: This section empowers the trustee to seek subordination of a claim under principles of equitable subordination. Generally, equitable subordination requires inequitable conduct or misconduct on the part of the creditor that has injured the debtor or conferred an unfair advantage on the creditor.

Section 724(b) - Subordination of tax liens: This section empowers the trustee to subordinate certain tax liens to claims entitled to priority under sections 507(a)(1) and 507(a)(3) through (a)(7), and to some claims entitled to priority under section 507(a)(2), up to the amount of the tax liens. The trustee must exhaust all of the unencumbered assets of the estate, and recover costs of preserving and disposing of secured property as allowed under section 506(c), before subordinating any tax liens.

The proceeds received from property subject to other types of tax liens are distributed in accordance with section 724(b)(2). The trustee must be familiar with the scheme of distribution under that section.

## G. OPPOSE THE DISCHARGE OF THE DEBTOR, 11 U.S.C. § 704(a)(6)

The trustee has a duty under section 704(a)(6) to object to the debtor's discharge if advisable. 11 U.S.C. § 727(a). To determine if it is advisable to oppose the debtor's discharge, the trustee must consider the cost of the litigation, the amount of estate funds available, the benefit to creditors of a denial of the discharge, and the likelihood of success. 11 U.S.C. § 704(a)(1), 28 U.S.C. § 586.

The trustee must be familiar with the grounds for objecting to discharge, and whenever appropriate, must examine the acts and conduct of the debtor to determine whether grounds exist for denial of discharge. 11 U.S.C §704(a)(6).

A complaint objecting to discharge must be filed within 60 days of the date first set for the meeting of creditors. Fed. R. Bankr. P. 4004(a). The court may extend the time, but the motion for extension must be filed before expiration of the 60-day period. Fed. R. Bankr. P. 4004(b). An order granting a creditor's motion to extend the time to file an objection does not necessarily amount to an extension of time for the trustee. The trustee must obtain a separate extension. Fed. R. Bankr. P. 4004(b).

A debtor's discharge may be revoked within one year after it was granted, or in some cases within one year after the case is closed. 11 U.S.C. §§ 727(d), (e). The trustee must be familiar with the grounds for revocation and the time limits for filing a complaint. 11 U.S.C. § 727.

The United States Trustee is also authorized to object to the discharge of a debtor or seek revocation of the discharge. If the trustee has information that would support an objection to discharge but deems such an action infeasible, the trustee must promptly bring that information to the attention of the United States Trustee. A trustee that has filed a complaint objecting to the debtor's discharge must not move for dismissal of the complaint without notice to the United States Trustee. 28 U.S.C. § 586, Fed. R. Bankr. P. 7041.

## H. FURNISH INFORMATION CONCERNING THE ESTATE, 11 U.S.C. § 704(a)(7)

A trustee shall have a system in place to timely respond to reasonable inquiries on behalf of debtors, creditors, attorneys, the court, and other interested parties.

## I. PROVIDE OPERATING REPORTS, 11 U.S.C. § 704(a)(8)

Under section 721, the court may authorize a trustee to operate the business of a debtor for a limited period of time. In order for the court to grant such a request, two basic requirements must be met. First, operation of the debtor's business must be in the best interest of the estate. Second, such operation must be consistent with the liquidation of the estate. 11 U.S.C. §§ 704(a)(1) and (2).

Section 721 allows a trustee to sell the business as a going concern. Unlike a chapter 11 case, in a chapter 7, only the trustee, not the debtor, can be authorized to operate the debtor's business. Such authorization might be appropriate, for example, for the interim operation of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF
ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT



1                    UNITED STATES BANKRUPTCY COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                            --oOo--

4   In Re:                        ) Case No. 6:16-bk-12192-WJ
                                  )
5   MARK TECHNOLOGIES             ) Chapter 7
    CORPORATION,                  )
6                                 ) Riverside, California
            Debtor.              ) Tuesday, November 29, 2016
7   _____) 1:00 p.m.

8                                 HRG RE MOTION TO COMPEL
                                  CHAPTER 7 TRUSTEE'S
9                                 ABANDONMENT OF REAL PROPERTY

10                                HRG RE MOTION TO COMPEL
                                  CHAPTER 7 TRUSTEE'S
11                                ABANDONMENT OF LITIGATION
                                  CLAIMS
12
                                  HRG RE MOTION TO COMPEL
13                                CHAPTER 7 TRUSTEE'S
                                  ABANDONMENT OF REAL PROPERTY
14
                                  HRG RE CHAPTER 7 TRUSTEE'S
15                                MOTION TO APPROVE SETTLEMENT
                                  AGREEMENT WITH LIEN CREDITORS
16                                INVESTEK PROPERTIES COMPANY;
                                  EARTH CONSTRUCTION AND MINING;
17                                AND EDF RENEWABLE ENERGY,
                                  INC., ALTA MESA PHASE III
18                                PARTNERS, EDF RENEWABLE
                                  WINDFARM IV, INC., AND EDF
19                                RENEWABLE SERVICES, INC

20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

ii

1                        HRG RE CHAPTER 7 TRUSTEE'S MOTION TO

2                        1) CONFIRM SALE OF REAL PROPERTY APN NUMBERS 516-060-

3                        018-3, 4, 5 & 6 AND 516-020-001-3 & 4, 5, & 6 AND 516-020-

4                        001-3 & 4;

5                        2) ASSUMPTION AND ASSIGNMENT OF LEASES AND OTHER RIGHTS IN

6                        CONNECTION THEREWITH TO MOHAMMED F. KOYA, OR ASSIGNEE,

7                        THE SUCCESSFUL BIDDER AT THE AUCTION; AND

8                        3) TO AUTHORIZE THE TRUSTEE TO WITHHOLD AND REMIT ESTIMATED

9                        STATE INCOME TAXES RESULTING FROM THE SALE, IF ANY

10                   TRANSCRIPT OF PROCEEDINGS

           BEFORE THE HONORABLE WAYNE JOHNSON

11              UNITED STATES BANKRUPTCY JUDGE

12 APPEARANCES:

13 For the Debtor,            ROBERT P. GOE, ESQ.
     Tenderland Renewables     DONALD REID, ESQ.
14     and Alta Mesa Finance:    Goe & Forsythe, LLP
                       18101 Von Karman Avenue
15                       Suite 1200
                       Irvine, California 92612
16                       (949) 798-2460

17 For the Chapter 7 Trustee:   ELISSA D. MILLER, ESQ.
                       Sulmeyer Kupetz
18                       333 South Hope Street
                       35th Floor
19                       Los Angeles, California 90071
                       (213) 626-2311
20

21 For the EDF Parties:          J. BARRETT MARUM, ESQ.
                       Sheppard, Mullin, Richter &
22                         Hampton, LLP
                       501 West Broadway, 19th Floor
23                       San Diego, California 92101
                       (619) 338-6500

24

25

iii

1  APPEARANCES:   (cont'd.)

2  For Investek Systems                REGINALD J. LORMON, JR., ESQ.
      Consulting:                      101 Church Street, Suite 15
3                                      Los Gatos, California 95030
                                       (408) 354-6100
4

5  For Alta Mesa 640, LLC:             THOMAS R. PHINNEY, ESQ.
                                       Parkinson Phinney
6                                      400 Capitol Mall, Suite 2560
                                       Sacramento, California 95814
7                                      (916) 449-1444

8  For Earth Construction and          CHRISTOPHER D. HARTNETT, ESQ.
      Mining:                          Hartnett Law Group
9                                      350 East Commonwealth Avenue
                                       Fullerton, California 92831
10                                     (714) 738-1156

11  Court Recorder:                    A. Aguilar
                                       United States Bankruptcy Court
12                                     3420 Twelfth Street
                                       Riverside, California 92501
13

14  Transcriber:                       Briggs Reporting Company, Inc.
                                       4455 Morena Boulevard
15                                     Suite 104
                                       San Diego, California 92117
16                                     (310) 410-4151

17

18

19

20

21

22

23

24

25

1

1      RIVERSIDE, CALIFORNIA TUESDAY, NOVEMBER 29, 2016 1:00 PM

2                            --oOo--

3         (Call to order of the Court.)

4             THE COURT:  Ten, Mark Technologies, case number

5    16-12192.

6             Appearances.

7             MS. MILLER:  Good afternoon, your Honor.  Elissa

8    Miller, Sulmeyer Kupetz, on behalf of Helen Frazer, Chapter

9    7 Trustee.

10            And, your Honor, if we could, after appearances I

11   think that the order we should look at is settlement, sale,

12   abandonment.

13            MR. GOE:  Good afternoon, your Honor.  Robert Goe,

14   Goe and Forsythe, and Don Reid, on behalf of the Debtor,

15   Tenderland Renewables and Alta Mesa Finance.

16            MR. MARUM:  Good afternoon, your Honor.  Barrett

17   Marum on behalf of the secured creditor EDF Parties.

18            MR. LORMON:  Good afternoon, your Honor.  Reg

19   Lormon appearing on behalf of Investek.

20            MR. PHINNEY:  Good afternoon, your Honor.  Tom

21   Phinney appearing on behalf of the buyer, Alta Mesa 640 LLC,

22   and Mohammed Koya is in the courtroom.

23            MR. HARTNETT:  Good afternoon, your Honor.

24   Christopher Hartnett appearing on behalf of ECM, Earth

25   Construction Mining, the second secured creditor.

25

1 estate, following her mandate under the code and under the

2 Trustee Handbook, to liquidate assets and distribute

3 proceeds to creditors.

4 Her mandate is not to fight where the fight is not

5 in the best interest of the estate. And in this case the

6 Trustee is determined that fighting is not in the best

7 interest of the estate.

8 And again, the only group that has opposed this

9 are the Jones related entities. Investek, who had

10 originally opposed the sale, withdrew their opposition upon

11 the filing of the settlement. No other creditor has

12 appeared to be heard, other than Utah Resources, who has

13 appeared at 341(a)'s to see what's going on. They're owed

14 over $1,000,000, and they have not -- they're an unsecured

15 creditor, a third-party judgment creditor who is owed over

16 $1,000,000. They haven't opposed this settlement.

17 This settlement is a good settlement. The Trustee

18 went through all of these A&C factor analysis in presenting

19 this settlement to the Court. This is not a case where the

20 Court -- where the Trustee just said, the settlement is a

21 good settlement and it's in my business judgment. I've seen

22 plenty of motions like that. I think they're appalling.

23 And especially here, the Trustee went through each

24 of the three lien creditors. She explained the basis for

25 the dispute. She gave her analysis of the merits, of the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT C</u>

**INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF
ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT**

OCT - 5 2015

Salt Lake County

By: _____
Deputy Clerk

## IN THE THIRD JUDICIAL DISTRICT, STATE OF UTAH

## IN AND FOR SALT LAKE COUNTY, SALT LAKE DEPARTMENT

| | |
|---|---|
| UTAH RESOURCES INTERNATIONAL, INC., a Utah corporation, | **RULING & ORDER** |
| Petitioner, | |
| vs. | Civil No. 040918982 |
| MARK TECHNOLOGIES CORPORATION, a California corporation, | Judge Royal I. Hansen |
| Respondent. | |

Pending before this Court are Petitioner Utah Resources International, Inc.'s ("URI")

Motion for Restitution of Paid Judgment Amount (the "Motion for Restitution"), URI's Motion

for Scheduling Order Regarding Appointment of Master, or, Alternatively, for Threshold

Determinations by the Court ("URI's Motion for Scheduling Order") and Respondent Mark

Technologies Corporation's ("MTC") Motion for Scheduling Order ("MTC's Motion for

Scheduling Order"). The Court heard oral argument with regard to the Motion for Restitution,

URI's Motion for Scheduling Order and MTC's Motion for Scheduling Order (collectively the

"Motions") at an August 28, 2015 hearing and took the matters under advisement. The Court

having fully reviewed all relevant pleadings and law to the Motions, having considered the

argument of counsel and having now been fully informed, rules and orders as follows.

## DISCUSSION

### A. The Motion for Restitution

URI argues for restitution of the $1,527,406.90 it paid in accordance with the Court's

May 7, 2012 Judgment (the "Judgment"). URI does so based on its view that the Utah Supreme

Court's December 8, 2014 voided the Judgment. While URI is correct that the Supreme Court

opinion does indeed vacate the Judgment, URI's argument presupposes that this Court will

simply adopt URI's valuation model. This is not the case–the Supreme Court held that this

Court "erred in its fair value determination," but stopped short of determining the correct

valuation model. *See Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 2014 UT 59, ¶71, 342 P.3d 761.

Accordingly, while the Court must address the valuation issue in accordance with the Supreme

Court's opinion, it is free to reach a conclusion distinct from the valuation model set forth by

URI. Therefore, as issues remain regarding the fair value determination, URI is not entitled to

restitution of the $1,527,406.90 paid in accordance with the vacated Judgment at this time. The

Court therefore reserves decision with regard to the issue of restitution until the Court determines

the fair value of MTC's stock.

### B. The Motions for Scheduling Order

In addressing the Motions for Scheduling Order, the Court notes "[t]rial courts have

broad discretion in managing the cases assigned to their courts." *Fisher v. Davidhizar*, 2011 UT

App 270, ¶13, 263 P.3d 440. In exercising this discretion, the Court declines to appoint a master

to review the file and make recommendations thereupon. The Court has instead determined that

additional discovery is warranted in light of the Supreme Court's remand. However, the Court

notes that the Supreme Court, in reaching its December 18, 2014 decision, "decline[d] to reach

. . . the claims made by [MTC] in their cross appeal," *see Utah Res. Int'l*, 2014 UT 59, at ¶27,

2

342 P.3d 761, thereby leaving the Court's decision with regard to those issues undisturbed. Accordingly, the issues addressed in MTC's cross appeal remain the law of the case and the Court declines to revisit them. *See IHC Health Servs., Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶26, 196 P.3d 588 (reasoning that "the [law of the case] doctrine allows a court to decline to revisit issues within the same case once the court has ruled on them"). Thus, the additional discovery permitted herein is limited to the issues addressed in the Supreme Court's decision, and shall not include those issues addressed in MTC's cross-appeal.

## CONCLUSION

Based on the foregoing, the Court RESERVES decision with regard to the Motion for Restitution until the fair value of MTC's stock is determined. The Court also DENIES URI's Motion for Scheduling Order. Likewise, MTC's Motion for Scheduling Order is GRANTED in part and DENIED in part, as follows:

1) Fact discovery shall be completed–subject to the limitations outlined herein–and any motions to compel filed, by February 1, 2016. Each party shall be entitled to take up to two additional depositions, propound up to 15 interrogatories, and propound up to 20 requests for production of documents.

2) The parties shall exchange any additional or supplemental expert valuation reports no later than March 1, 2016.

3) Deposition of parties' experts shall take place no later than April 1, 2016.

4) A trial setting conference shall be held on April 11, 2016 at 9:00 a.m.

This Ruling and Order is the final order of the Court and no further order is required.

DATED this _____ day of October, 2015.



Judge Royal I. Hansen
District Court Judge

4

CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following
people for case 040918982 by the method and on the date specified.

EMAIL:  BRUCE J BOEHM bboehm@mbt-law.com
EMAIL:  JOHN H BOGART jbogart@telosvg.com
EMAIL:  REID TATEOKA reidt@mbt-law.com

         10/05/2015                    /s/ LYNETT MCKINNEY
Date: _____      _____

                                Deputy Court Clerk

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  Mark G. Jones, c/o Mark Technologies Corporation, 9674 Colerain Ave., Suite 314, Cincinnati, OH 45251

A true and correct copy of the foregoing document entitled: **INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF ORDER ON FINAL FEE APPLICATIONS (DOCKET 623) AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT DATED APRIL 1, 2021;  DECLARATION OF MARK G. JONES IN SUPPORT THEREOF**

 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page (N/A)

**2. SERVED BY UNITED STATES MAIL**:  On (*date*) **05/20/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

• US Bankruptcy Court, Central District of California, Honorable Wayne Johnson, 3420 Twelfth Street, Suite 384/Courtroom 304, Riverside, CA 92501

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **05/20/2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

See Attached Page        ☒        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/20/2021 | Mark G. Jones | *Mark G. Jones* |
|---|---|---|
| Date | Printed Name | Signature |

- 22 -

INTERESTED PARTY MARK G. JONES' MOTION FOR RECONSIDERATION UNDER FRBP RULE 9024 OF
ORDER ON FINAL FEE APPLICATIONS AND RELATED CHAPTER 7 TRUSTEE'S FINAL REPORT

1

2

**<u>ATTACHED PROOF OF SERVICE PAGE</u>**

3

4      **<u>TO BE SERVED BY E-MAIL</u>**:

5      • **Michael J. Bujold**, on behalf of the United States Trustee     Michael.J.Bujold@usdoj.gov

6      • **Abram S. Feuerstein,** on behalf of the United States Trustee     abram.s.feuerstein@usdoj.gov

7      • **Helen R. Frazer, Chapter 7 Trustee**     hfrazertrustee@gmail.com

       • **Elissa D. Miller, Counsel for Chapter 7 Trustee**     emiller@sulmeyerlaw.com

8      • **United States Trustee (RS)**     <u>ustpregion16.rs.ecf@usdoj.gov</u>

9      • **Mark Technologies Corporation, Debtor <u>daniel@tenderland.com</u>, <u>mark@tenderland.com</u>**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    - 23 -

28